UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JAMIE DURHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:20-CV-257 |
| | ) |
| EVICORE HEALTHCARE MSI, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. N<small>ATURE OF THE</small> C<small>ASE</small>**

1. This is an action brought by Plaintiff, Jamie Durham ("Durham"), by counsel, against Defendant, Evicore Healthcare MSI, LLC, ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq*.

**II. P<small>ARTIES</small>**

2. Durham is a citizen of the United States, the State of Indiana, and, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

**III. J<small>URISDICTION AND</small> V<small>ENUE</small>**

1

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 42 U.S.C. § 12117, and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined 42 U.S.C. § 12111(5)(A) and 29 U.S.C. §2611(4).

6. At all times relevant to this action, Durham was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Durham, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. Durham is a "qualified individual with a disability" as defined by the Americans with Disability Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Durham's disability and/or Defendant regarded Durham as being disabled.

9. Durham exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

10. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV.  FACTUAL ALLEGATIONS

11. Durham was hired by the Defendant on or about May 30, 2014 and worked most recently as a Supervisor of Clinical Appeals.

12. At all times relevant, Durham met or exceeded Defendant's legitimate performance expectations.

13. Durham suffers from Ehlers Danlos syndrome, a serious health condition that also qualifies as a disability within the meaning of the Americans with Disabilities Act, as amended (ADAA) and/or Durham is regarded as disabled by the Defendant. Her disabilities affect her major life activities and major bodily functions of the endocrine and musculoskeletal systems. Defendant was aware of Durham's disabilities.

14. Originally, in or about September 2017, Durham made a reasonable accommodation request to use a laptop for her work. This request was denied by the Defendant.

15. Beginning in September 2018, Durham utilized intermittent leave under the FMLA.

16. On or about March 8, 2019, Durham took a continuous leave under the FMLA for symptoms related to her disability. She returned from leave on April 29, 2019.

17. On or about May 1, 2019, Durham, after being told by coworkers that she was going to be fire, went to HR and spoke with Karin Terazzi. Terazzi told Durham she was not going to be fired, and Durham informed Terazzi that she believed she was being discriminated against and that she had called the EEOC.

18. Durham also informed her FMLA point of contact, Ellen Phelan, that she believed she was being retaliated against for her use of FMLA.

19. On or about June 4, 2019, Defendant placed Durham on a two-week unpaid suspension for an alleged policy violation following her arrest for OWI in March 2019. Durham was unaware of any company policy requiring her to report her arrest.

20. On June 18, 2019, Defendant terminated Durham's employment. The reason given for her termination is pretext for discrimination based on her disability and/or in retaliation for having engaged in a protected activity. Similarly-situated non-disabled individuals who have not used FMLA leave have been treated more favorably.

## V. Legal Allegations

### Count I – Disability Discrimination

21. Paragraphs one (1) through sixteen (16) of Durham' Complaint are hereby incorporated.

22. Defendant violated Durham' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by terminating him because of his actual or perceived disability.

23. Defendant's actions were intentional, willful and in reckless disregard of Durham' rights as protected by the ADA.

24. Durham has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### Count II: ADA Retaliation

24. Durham hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint.

25. Defendant violated Durham' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by retaliating against her for engaging in a protected activity.

26. Defendant's actions were intentional, willful, and in reckless disregard of Durham's rights as protected by the ADA.

27. Durham suffered damages as a result of Defendant's unlawful actions.

### COUNT III: FMLA RETALIATION

28. Durham hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Defendant unlawfully retaliated against Durham for her use of leave under the FMLA.

30. Defendant's actions were intentional, willful, and in reckless disregard of Durham's rights as protected by the FMLA.

31. Durham suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jamie Durham, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4. Pay to Plaintiff liquidated damages;

5. Pay to Plaintiff punitive damages;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:         lberger@bdlegal.com
                  kfb@bdlegal.com

*Attorneys for Plaintiff, Jamie Durham*

## DEMAND FOR JURY TRIAL

The Plaintiff, Jamie Durham, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:           lberger@bdlegal.com
                    kfb@bdlegal.com

*Attorneys for Plaintiff, Jamie Durham*